

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

WMP/ALC/LHE/SME
F. #2016R00505

*271 Cadman Plaza East
Brooklyn, New York 11201*

January 23, 2017

**By ECF and Email**

Andrew J. Levander, Esq.
Dechert LLP
1095 Avenue of the Americas
New York, New York 10036

Michael S. Sommer, Esq.
Wilson Sonsini Goodrich & Rosati P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019

Gregory J. O'Connell, Esq.
De Feis O'Connell & Rose, P.C.
500 Fifth Avenue, Suite 2630
New York, New York 10110

Kevin J. O'Brien, Esq.
Ford O'Brien LLP
85 Broad Street, 28th floor
New York, New York 10004

Jonathan S. Sack, Esq.
Morvillo, Abramowitz, Grand, Iason & Silberberg P.C.
565 Fifth Avenue
New York, New York 10017

Seth L. Levine, Esq.
Levine Lee LLP
650 Fifth Avenue, 13th Floor
New York, New York 10019

F. Andino Reynal, Esq.
Fertitta Reynal LLP
815 Travis Street, Suite 1553
Houston, Texas 77002

    Re: United States v. Mark Nordlicht, et al.
       Criminal Docket No. 16-640 (DLI)

Dear Counsel:

   Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendants.

Defense Counsel
January 23, 2017
Page 2

I.	The Government's Discovery

　　A.	Statements of the Defendants

　　To the extent any of the defendants made statements to law enforcement, a summary of those statements have been provided, under cover of a separate letter, to that specific defendant.

　　B.	The Defendants' Criminal History

　　To date, the government does not have any information that any of the defendants have a criminal record.

　　C.	Documents and Tangible Objects

　　The government has made available at First Choice Copy ("First Choice"), for reproduction to the defendants, bank records pertaining to a total of 286 accounts (Bates stamped EDNY-PP-BR-000000001 to EDNY-PP-BR-000361953). Attached is an index entitled "First Discovery Production Index" that lists the records made available for reproduction to you by referencing print order number provided separately by email. You may obtain copies of the materials listed on the Discovery Production Index by contacting Joseph Meisner at First Choice at 718-381-1480, extension 212, and referencing the print order number provided by email. First Choice is located at 52-08 Grand Avenue, Maspeth, New York 11378.

　　You may examine any of the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

　　D.	Reports of Examinations and Tests

　　The government will provide you with copies of any reports of examinations or tests in this case as they become available.

　　E.	Expert Witnesses

　　The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

　　F.	Brady Material

　　The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Defense Counsel
January 23, 2017
Page 3

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

    G.    Other Crimes, Wrongs or Acts

The government will provide the defendants with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.    The Defendants' Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that each defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendants disclose prior statements of witnesses who will be called by the defendants to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendants have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendants disclose a written summary of testimony that the defendants intend to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.1(a), the government hereby requests written notice, to be served within 14 days of this demand, if either defendant intends to offer an alibi defense. The written notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offenses, and the names, addresses and telephone numbers of each witness upon whom the defendant intends to rely to establish such alibi. The offenses took place at the location and dates specified in the Indictment.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of either defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

Defense Counsel
January 23, 2017
Page 4

III.      Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

ROBERT L. CAPERS
United States Attorney
Eastern District of New York

By:        /s/
Winston M. Paes
Alicyn L. Cooley
Lauren H. Elbert
Sarah M. Evans
Assistant U.S. Attorneys
(718) 254-6023 (Paes)

Enclosures

cc:      Clerk of the Court (DLI) (by ECF) (w/o enclosures)