JMK: WMP/ALC/LHE/SME
F: #2016R00505

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                *Plaintiff,*

   - against -

MARK NORDLICHT,
DAVID LEVY,
URI LANDESMAN,
JOSEPH SANFILIPPO,
JOSEPH MANN,
DANIEL SMALL and
JEFFREY SHULSE,

                *Defendants.*
-----------------------------------------------------------------X

**DECLARATION**
16 CR 640 (DLI)

I, Kevin O'Brien, pursuant to 28 U.S.C. § 1746, declare as follows:

    1.    I am a member of the bar of this Court and a name partner in Ford O'Brien LLP. We represent Defendant Joseph SanFilippo in this case, and I submit this Declaration in support of his opposition to the government's request to disqualify me as counsel. I have first-hand knowledge of the matters set forth below, except where otherwise indicated.

**My Representation of Mr. San Filippo**

    2.    Mr. San Filippo was, until the indictment, the Chief Financial Officer of Platinum Management (NY) LLC ("Platinum"), a management company for the largest Platinum-affiliated hedge fund. I have been informed that, on or about June 13, 2016, government agents visited the home of Mr. SanFilippo, who was not there at the time. Shortly thereafter, Mr. SanFilippo retained this firm to represent him, and on June 22nd we notified the

1

government of our retention. Extensive discussions between this firm and the government then ensued, culminating in an all-day proffer meeting with Mr. SanFilippo on July 12th in the Eastern District offices.

3. Since being retained by Mr. San Filippo, this firm has been extensively involved in his defense, including but not limited to his proffer session. A strong relationship of trust has developed between Mr. SanFilippo and myself, in particular. This representation now is focused on the preparation of Mr. SanFilippo's defense at trial, to which many hours already have been devoted.

**My Previous Representation of Mr. Mann**

4. Defendant Joe Mann was, until his indictment, employed in the investor relations group of Platinum Management. On or about July 5, 2016, the government served Mr. Mann with a grand jury subpoena for testimony and documents. Mr. Mann then retained this firm to represent him, and in a July 8th email I notified the government of our retention, adding that we looked forward to discussing Mr. Mann "at your convenience." In an email to me the same day, the government responded "Sure, we can discuss next week," but it did not follow up. The government did not request that Mr. Mann testify or produce documents, nor did it propose a proffer, as was the case with Mr. SanFilippo. With one brief exception,[1] the government had no discussions with me about Mr. Mann until shortly before the indictment.

---

[1] That exception occurred when the government emailed me on August 12, 2016 with the request: "Can you please let me know who you or your firm represents in connection with the Platinum Partners matter? I want to get a sense of potential conflict issues. Thanks." I responded by telephone on August 15th, informing the government that in the Eastern District investigation I represented Mr. SanFilippo and Mr. Mann. The government's response was, in substance, that my representation of these two clients did *not* pose a conflicts problem. Not until the eve of the indictment did the government suggest the joint representation might be an issue.

2

5.       For these reasons, my representation of Mr. Mann has been relatively limited. I met with Mr. Mann only once prior to the arraignment, in July 2016, for approximately two hours. I was assisted in this representation by Suzanne Pope, a Special Counsel at the firm. Ms. Pope also attended the one meeting with Mr. Mann. Immediately following the arraignment, the firm resigned its representation of Mr. Mann, who selected new counsel.

**The Indictment**

6.       The indictment in this case alleges two fraudulent schemes, only one of which – the "Fraudulent Investment Scheme" – includes Messrs. SanFilippo and Mann (along with three other defendants). *See* Dkt. No. 1 (Indictment at 10-27). The allegations pertaining to this scheme are generally framed against all five defendants, without any differentiation of alleged roles. There is only one allegation in this section that highlights Messrs. SanFilippo and Mann specifically: "As early as approximately April 2015, MANN was responsible for tracking all investor activity and maintaining a 'capital activity report' that he circulated to SANFILIPPO and others on a weekly basis." In addition, the conspiracy section of the indictment lists two overt acts in which Mr. Mann allegedly refers to "our CFO" in emails. *See* Dkt. No. 1 (*Id.* at 23, 37-38). Nowhere in the indictment is there an allegation that Mr. SanFilippo and Mr. Mann actually acted together, whether on their own or in conjunction with any other defendant.

**Adam Ford**

7.       Adam Ford, my co-partner at Ford O'Brien LLP, is a member of Mr. SanFilippo's trial team. Mr. Ford has never represented Mr. Mann except for the limited purpose of assisting me on the day of the arraignment, December 19th, and then helping to obtain new counsel for Mr. Mann immediately following the arraignment. Prior to the

arraignment date, Mr. Ford had no communication with Mr. Mann, oral or otherwise. Mr. Ford has informed me that he has had no substantive conversations with Mr. Mann apart from arraignment matters. He also has informed me that he has not learned of the contents of any of my or Ms. Pope's pre-arraignment communications with Mr. Mann.

8. Annexed hereto, as Exhibits A and B, are Declarations submitted by Adam Ford and Suzanne Pope.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 1, 2017
New York, NY

Respectfully Submitted,

_____
Kevin J. O'Brien