

March 24, 2017

<u>Via ECF and By Hand</u>
The Honorable Dora L. Irizarry
Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>United States v. Joseph SanFilippo, et al.</u>, No. 1:16-cr-00640-DLI

Dear Chief Judge Irizarry:

    We represent Joseph SanFilippo in the above referenced matter, and write to respectfully request that Mr. SanFilippo's bail conditions be modified such that he can sell one of the homes currently encumbered by his appearance bond. The reason for this request is to provide Mr. SanFilippo with much-needed funds with which to pay for his and his family's basic living expenses. The Government consents to the proposed new bail restrictions.

    On December 19, 2016, Mr. SanFilippo signed an Order Setting Conditions of Release and Bond (the "Appearance Bond" or the "Bond") [Dkt. 42] in an amount of $2,000,000. The Appearance Bond also required that Mr. SanFilippo obtain the co-signature of one financially stable individual, and to execute and file a Confession of Judgment in King's County on two properties that he owns. The first property is his residence, located at 3 Fawnview Court, Freehold, New Jersey. The second property is an investment property where he does not live, but rather rents out to others, and is located at 6664 Sedgwick Place, Brooklyn, New York. Mr. SanFilippo has fully complied with all the requirements of the Bond.[1]

    Since the Indictment, and the related termination of his employment by Platinum, Mr. SanFilippo, who is married with young children, has been forced to live off of his savings. Since being terminated, he has sought full-time employment. Despite Mr. SanFilippo's best efforts, he has not found full-time employment. Within the near future, his remaining savings will not be sufficient to pay for his and his family's basic living expenses. Mr. SanFilippo's only recourse is

---

[1] In addition to filing the confession of judgment in Kings County, the Bond also required Mr. SanFilippo to file a second, identical one in Monmouth County, New Jersey. However, New Jersey does not permit the filing of a confession of judgment unless plaintiff simultaneously files a motion seeking an entry of judgment, which could not be sought if Mr. SanFilippo is in compliance with his bail conditions. Accordingly, the Government and Mr. SanFilippo agreed that the Government would retain a fully executed copy of the Confession of Judgment for Monmouth County, which the Government could file along with a motion seeking entry of judgment should the conditions of the Confession of Judgment ever be met.

to sell the rental property that he owns in order to meet these essential obligations.  Accordingly, he respectfully requests a slight modification to the Bond, such that it will be secured only by the 3 Fawnview Court property and not also the property located on Sedgwick Place.

Even with this modification, Mr. SanFilippo's ties to the New Jersey area, where he has lived his whole life, are strong and enduring.  His $2,000,000 bond remains secured by the home in which he and his wife and children live.  The bond was also co-signed by his uncle, who would be wiped out financially should Mr. SanFilippo not abide by all of his bail conditions.  The proposed modification is therefore reasonable and poses no risk of flight.  As noted, the Government consents to the modification.

We thank Your Honor for considering this request. We will be prepared to address any questions Your Honor might have at the upcoming status conference on March 27.

Respectfully Submitted,

Adam Ford

cc: Winston Paes, Alicyn Cooley; Lauren Elbert; Sarah Evans,
   Assistant U.S. Attorneys (via ECF)
   Robert Hyde NJ pretrial services (via email)
   Amanda Carlson U.S. Pretrial Services Officer (via email)