ORIGINAL

AO 93 (SDNY Rev. 05/10) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. ███████████
)
See Attachment A )
)
)

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ____Southern____ District of ____New York____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before ____July 1, 2016____
(not to exceed 14 days)

☑ in the daytime 6:00 a.m. to 10 p.m.   ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the Clerk of the Court.
Upon its return, this warrant and inventory should be filed under seal by the Clerk of the Court. __*/*__
*USMJ Initials*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐for _____ days *(not to exceed 30)*.
☐until, the facts justifying, the later specific date of _____.

Date and time issued:   6/21/2016 ~~3:15 pm~~ 3:40 pm   ███████████
   *Judge's signature*

City and state:   New York, NY   Hon. Debra Freeman, Chief U.S.M.J., S.D.N.Y.
   *Printed name and title*

EDNY-PP-SW-000000001

## ATTACHMENT A

*Property to be searched*

The property to be searched is **THE OFFICE OF PLATINUM PARTNERS, L.P., LOCATED ON THE 14th FLOOR OF THE OFFICE BUILDING LOCATED AT 250 WEST 55th STREET, NEW YORK, NEW YORK 10019, AND INSIDE THE LOCKED AND CLOSED CONTAINERS OR ITEMS CONTAINED THEREIN.**

EDNY-PP-SW-000000002

## ATTACHMENT B

*Property to be seized*

1.    All records relating to violations of securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 18, United States Code, Section 1348; mail fraud, in violation of Title 18, United States Code, Section 1341; wire fraud, in violation of Title 18, United States Code, Section 1343; conspiracy to commit the above offenses, in violation of Title 18, United States Code, Sections 371 and 1349; money laundering and money laundering conspiracy, in violation of Title 18, United States Code, Sections 1956 and 1957; and violations of the Internal Revenue Laws (codified in Title 26 of the United States Code), those violations involving managers and employees of Platinum, including but not limited to, Mark Nordlicht, ███████, ███████, David Levy, Daniel Small, ███████ and ███████, and occurring after January 1, 2010, including:

    a.    Organization charts of Platinum Partners and Platinum Management (NY) LLC and all its funds, affiliates, subsidiaries, and entities under its control (collectively, "Platinum").

    b.    List of employees and outside contractors with titles, general responsibilities, dates of employment and compensation information.

    c.    Any and all performance and valuation summaries or reports for Platinum, including Platinum Partners Value Arbitrage Fund, LP ("PPVA") and Platinum Partners Credit Opportunity Fund, LP ("PPCO").

    d.    List of all investors in Platinum, including PPVA and PPCO, along with the amount of their investment, the performance or returns on investment, amount of fees paid (with breakdown), and any redemptions.

    e.    Any and all communications with investors in Platinum, including PPVA and PPCO.

    f.    Any and all records, including communications to investors and auditors, concerning Platinum's assets under management, the investments in its portfolios, the valuation of assets, and the performance of the investments.

    g.    Any and all records, including communications (written or recorded), money transfers, internal memoranda and reports, audit reports and valuation reports, concerning Platinum's investments.

    h.    All policies, procedures, training materials and related documents.

    i.    Bank records for Platinum, its affiliates and subsidiaries.

2.    For any computer, iPad or storage medium whose seizure is otherwise authorized by this warrant, and any computer, iPad or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a.    evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b.    evidence indicating how and when the COMPUTER was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the COMPUTER user;

    c.    evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

    d.    evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

    e.    evidence of the times the COMPUTER was used;

    f.    passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

    g.    documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

    h.    records of or information about Internet Protocol addresses used by the COMPUTER; and

    i.    records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

EDNY-PP-SW-000000005