**quinn emanuel** trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia 20001-3706 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8120**

WRITER'S EMAIL ADDRESS
**williamburck@quinnemanuel.com**

April 28, 2017

**VIA ECF**

The Honorable Dora L. Irizarry
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. Nordlicht, et al., 16-cr-640 (DLI)</u>

Dear Chief Judge Irizarry:

  We represent Defendant Mark Nordlicht and write regarding the government's April 26, 2017 opposition brief and Declaration of Alicyn L. Cooley, Dkt. No. 122, and supplemental submission, Dkt. No. 123.

  The government's opposition brief and the accompanying declaration contain a series of redactions, *see* Dkt. No. 122 at 16, 22; Dkt. No. 122-1, ¶¶ 5–10, which the government represents are necessary to protect disclosure of matters that occurred before the grand jury, *see* Dkt. No. 122 at 25 n.8 (citing Fed. R. Crim. P. 6(e)(2)(B)(vi)). The government further requests "that the Court enter an order pursuant to Rule 6(e)(3)(E)(i) directing the government to file or provide to the defense unredacted copies of these documents in the event that the Court deems it appropriate to do so." *See id.* Mr. Nordlicht joins in the government's request for such an order and respectfully submits that limited disclosure to the defendants of the matters contained in the government's filing is both necessary and appropriate.

  Federal Rule of Criminal Procedure 6(e)(3)(E)(i) provides that the Court "may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of grand-jury matter . . . preliminary to or in connection with a judicial proceeding." Defendants seeking such disclosure must show that "the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979).

  These requirements are met here. Mr. Nordlicht's request for disclosure is necessarily limited in scope. By providing the defendants with an unredacted version of the government's

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

brief and declaration, the government discloses only those grand jury matters it has already deemed directly relevant to the matter presently before the Court. An adversarial airing of the issue requires that those matters also be disclosed to defendants, so that they can fully and fairly respond to all points in the government's opposition brief and prepare for the show cause hearing the Court has set in this matter. Providing the defendants with an unredacted version of the government's filing thus avoids a possible injustice.

The government also filed under seal a "Letter supplementing [its] April 26, 2017 Submission," Dkt. No. 123. Although the government has declined to provide its supplemental submission to Mr. Nordlicht, it appears to relate to FBI Special Agent David Chaves, who has admitted to leaking confidential grand jury information and was a member of the FBI team responsible for this case. *See* Dkt. No. 122-1, ¶ 4 ("A separate letter relating to Agent Chaves was submitted today by the government to the Court ex parte and in camera in the above-referenced case.").

Mr. Nordlicht has not been served with, and has not otherwise seen, any request by the government to file this document under seal nor any justification for doing so. "[D]ocuments submitted to a court for its consideration . . . are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). And the "party seeking to maintain judicial documents under seal bears the burden of demonstrating what higher values overcome the presumption of public access and justify sealing." *Annunziato v. Collecto, Inc.*, 207 F. Supp. 3d 249, 268 (E.D.N.Y. 2016) (quotation marks omitted).

The government should be required to provide this supplemental letter to the defendants for the same reasons that an unredacted copy of the government's brief and declaration should be disclosed. The government apparently considers the information in its supplemental filing probative of the question whether Rule 6(e) has been violated and important enough to bring to this Court's attention. It ought not be shielded from defendants while they respond to the government's position on that very question.

Accordingly, Mr. Nordlicht respectfully requests that the Court order the government to provide to the defendants (1) unredacted versions of its brief and accompanying declaration, Dkt. No. 122; and (2) its supplemental submission, Dkt. No. 123. Such disclosure is required in the interests of justice. Mr. Nordlicht has no objection to the government maintaining redacted versions on the public docket and would, of course, maintain the confidentiality of such unredacted versions.

Respectfully submitted,

/s/ *William A. Burck*
William A. Burck

cc: All counsel of record