LAW OFFICES OF
# REGOSIN, EDWARDS, STONE & FEDER
225 BROADWAY
NEW YORK, N.Y. 10007

DAVID REGOSIN (1931-1977)
PAUL J. EDWARDS (1944-1964)

TELEPHONE
(212) 619-1990

FAX: (212) 964-9516
www.litigatenewyork.com

April 27, 2017

Hon. Dora L. Irizarry
Chief Judge of the United States District Court
for the Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

**HAND DELIVERED**

Re: Matter of U.S. v. Nordlicht
    Case No. 1:16-cr-640

To the Honorable Court:

I represent a group of concerned Investors in Platinum Partners Value Arbitrage Fund, L.P. and/or Platinum Partners Credit Opportunities I, LLC in (their "Platinum Funds"). The Investors understand that at a previous Status Conference they were referred to as victims. The Investors have no doubt that this characterization is true, but believe that there is some material misconception as to who has caused most of the damage that they have been victimized by.

While it is clear that those who have been arrested will need to go through the legal process that will undoubtedly shed some much needed light as to whether they are guilty of wrongdoing, there is little doubt that the Investors have already been victimized by certain crusading members of the federal government.

I represent a substantial number of Investors who have in excess of 360 million dollars in aggregate funds invested in Platinum Funds, more than 30% of the total. Some prefer to remain anonymous and limit themselves to being represented by my writing this letter to you, and some may also be writing to you separately, in their own words, in the coming weeks.

My clients advise that they were extremely disturbed by a government raid in June 2016, about which the press was given advance notice. The Investors are advised that the raid occurred after the Platinum Funds's principals and management company had, at great expense, hired international law firms who were already fully cooperating with the government to produce each and every item of necessary information and all sought documents, in a concerted effort to make certain that there was nothing withheld or concealed. There was no realistic expectation that any evidence would disappear. The raid was clearly an ill-conceived publicity stunt in an effort to publicize the investigation at the expense of Investor interests.

REGOSIN, EDWARDS, STONE & FEDER

Hon. Dora L. Irizarry
April 27, 2017
Page 2 of 5

The leaks to the media this past summer that the government was investigating what it believed to be a Ponzi scheme had a devastating effect on the value of the funds' investments, and led to a substantial degradation of value by hundreds of millions of dollars.

Most disturbing, however, is that the Investors believe that, whoever did the leaking, did so with the knowledge that they were leaking maliciously false, or at best misleading, information. Given the breadth of the Platinum Funds' investments throughout different industries and geographic areas, and given the long track record of the Platinum Funds, the Investors are confident that there is no reasonable impartial professional with adequate financial knowledge who could have reasonably concluded that the Platinum Funds were a potential Ponzi scheme.

Furthermore, subsequent to the arrest of members of the firm's management, the Investors advise that they learned that a US Attorney publicly asserted that the funds positions were nothing more than a "tarnished piece of metal", a statement that is clearly false but has potential to become a self-fulfilling prophecy if his inappropriate behavior is allowed to continue, and is not reigned in.

The Investors are concerned that the cumulative effect of all the leaks, damaging publicity, and misinformation, has been the degradation of the value of the Investors' holdings. They point out that the government's prosecution did not have to cause such a devastating calamity to the Investors that the government allegedly seeks to protect. There could have been a vigorous and professional investigation that could have sought to determine whether there was any wrongdoing but, at the same time, protect Investors from the damage caused by unjustified exaggerations and self-aggrandizement in publicity filled with misinformation.

The Investors believe that, even at this late stage, there is an opportunity to salvage significant value for Investors, and they hope that all of the decisions made going forward will keep Investor interests foremost in mind. The Investors understand that while the principals of the Platinum Funds have been charged with allegations that appear to be serious, nothing has been proven at this stage. In these circumstances, inasmuch as those principals are certainly in the best position to help protect the remaining value of the Platinum Funds, those principals should be allowed to consult together on behalf of the Investors, with the receiver, who, of course, has ultimate authority on any money movement or any investment decisions.

We are advised that there was a proposal made at first status conference to allow Mr. Levy and Mr. Nordlicht to meet alone to discuss Fund business. The Investors understand that the legal process has certain requirements, and they acknowledge your stated fear that the defendants could "talk about the case". However, the Investors feel that this fear is outweighed by the potential harm to Investors by depriving them of the principals expertise, and that any

REGOSIN, EDWARDS, STONE & FEDER

Hon. Dora L. Irizarry
April 27, 2017
Page 3 of 5

potential harm could be mitigated by restricting the principals contact to a place of business. The Investors would therefore like to propose a compromise whereby all the defendants will be allowed, and encouraged, to work out of current Platinum offices two days each week, in the presence of a receiver or liquidator representative, a possibility that the Investors are advised that Your Honor alluded to in first status conference.

Government opposition to this common sense proposition would be consistent with a pattern of seeking to deliberately destroy value in the Platinum Funds to create and develop their case without regard to the harm being caused to the Investors. Given the complexity of the Platinum Funds' positions, it is clearly so much more difficult for the Platinum Funds' receivers or liquidators to achieve a positive result without the defendants being able to communicate together with them, and actively recommend problem solving alternatives for the Platinum Funds' outstanding investments, where events are happening in real time. Every day that goes by where Mr. Levy and Mr. Nordlicht are cut off from each other and from professionals managing positions is another day in which the Investors are being victimized, diminishing the chances of a successful outcome.

We are forwarding this letter to both Bart M. Schwartz and Christopher Kennedy, the current respective fiduciaries of the two Funds, in order to make them aware of the Investors concerns, and to encourage them to consult with Mr. Nordlicht and Mr. Levy regarding decisions on the positions in the Platinum Funds. The Investors believe the liquidators and receiver are being pressured by members of the government to isolate the principals of the Platinum Funds, thereby squandering the benefit of their historical knowledge of the positions. The Investors strongly feel that in order to best protect the Investors' interests, this must end immediately.

The Investors' believe that their best interests would be enhanced by allowing Mr. Schwartz and Mr. Kennedy to operate independent from all government agencies heavy handed interference and uninformed directions, including that of the SEC, an agency that exists to protect Investors, yet stood idly by and watched government personnel commit the aforesaid acts that so seriously damaged the value of the Investors' interest in the Platinum Funds.

The Investors would also like to see Rob Rittereiser, an experienced and qualified investment representative of Guidepost, be allowed to make decisions for PPCO, in his best independent judgment, without outside interference from members of the SEC, who have little experience in these types of complex investments.

In relation to PPVA, while there are concerns as to how the Fund is being managed, the Investors have advised me that they are more comfortable working through the Caymans process than having further interference from representatives of the government.

REGOSIN, EDWARDS, STONE & FEDER

Hon. Dora L. Irizarry
April 27, 2017
Page 4 of 5

    The Investors believe that Mr. Schwartz and Mr. Kennedy, or their representatives, should meet at set times, at least once a week, with Mr. Levy and Mr. Nordlicht, to seek guidance on how to best develop and monetize the funds remaining positions. There is nothing negative to the Investors' interests that could result from such a requirement. The Investors see only a positive beneficial result from same.

    The Investors hope that your Honor will take actions to support their desire to maximize the value of the Platinum Funds for the Investors by precluding all further damage from government misconduct, leaks and misrepresentation.

    The Investors respectfully urge your Honor to err on the side of protecting the Investors from any further unnecessary degrading of the assets values and thereby further injuring the Investors.

Respectfully submitted,

Regosin, Edwards, Stone & Feder, Esqs,

By: _____
Saul E. Feder, Esq.

SEF/rc
cc:  Mr. Bart M. Schwartz    BSchwartz@guidepostsolutions.com
     Mr. Christopher Kennedy    ckennedy@rhswcaribbean.com
     Celia Goldwag Barenholtz    cbarenholtz@cooley.com
     William Anthony Burck    williamburck@quinnemanuel.com
     Balbin, Gabriela (USANYE)    Gabriela.Balbin@usdoj.gov
     Andrew M. Calamari    calamaria@sec.gov
     Alicyn L. Cooley    alicyn.cooley@usdoj.gov
     Sarah Evans    Sarah.Evans@usdoj.gov
     Elbert, Lauren (USANYE)    Lauren.Elbert@usdoj.gov
     Benjamin Sean Fischer    bfischer@maglaw.com
     Morris J. Fodeman    mfodeman@wsgr.com
     Adam Caleb Ford    aford@fordobrien.com
     Monica Ann Friedman    mfriedman@wsgr.com
     Adam S. Grace    gracea@sec.gov
     Neal Jacobson    jacobsonn@sec.gov, nealjacobson124@gmail.com
     Vera Kachnowski    vmk@dorlaw.com
     Scott B. Klugman    sklugman@levinelee.com
     Daniel Koffmann    danielkoffmann@quinnemanuel.com
     Alan Levine    alevine@cooley.com
     Seth Levine    slevine@levinelee.com
     David J. Lizmi    dlizmi@levinelee.com

REGOSIN, EDWARDS, STONE & FEDER

Hon. Dora L. Irizarry
April 27, 2017
Page 5 of 5

Michael D. Mann    mdmann@sidley.com
Sonia Marquez    smarquez@sidley.com
Katherine T. McCarthy    kmccarthy@wsgr.com
Kevin P McGrath    mcgrathk@sec.gov
Kevin J. O'Brien    kobrien@fordobrien.com
Greg O' Connell    gjo@dorlaw.com
Barry W. Rashkover    brashkover@sidley.com
Federico Reynal    areynal@frlaw.us
David M. Rody    drody@sidley.com
Jonathan S. Sack    jsack@maglaw.com
Danielle Sallah    sallahd@sec.gov
Peter J. Sluka    pjs@dorlaw.com
Abigail Belknap Seidner    aseidner@cooley.com
Michael S. Sommer    msommer@wsgr.com
Jess A. Velona    velonaj@sec.gov
Sanjay Wadhwa    wadhwas@sec.gov, swadhwa1@yahoo.com
Daniel McGrath    dmcgrath@rhswcaribbean.com
Matthew Wright    mwright@rhswcaribbean.com
Barry Lynch    BLynch@rhswcaribbean.com
Catherine Anderson-Bond    CAnderson@rhswcaribbean.com
Burstein, Daniel    dburstein@guidepostsolutions.com
Rittereiser, Robert    rrittereiser@guidepostsolutions.com
Margot MacInnis    mgm@borrelliwalsh.com
Cosimo Borrelli    cb@borrelliwalsh.com
Samantha Wood    smw@borrelliwalsh.com
Henry Gowing    hrg@borrelliwalsh.com
Barbra Parlin    barbra.parlin@hklaw.com

Case 1:16-cr-00640-DLI   Document 130   Filed 04/27/17   Page 6 of 6 PageID #: 835

REGOSIN, EDWARDS, STONE & FEDER
225 BROADWAY
NEW YORK, N.Y. 10007





Hon. Dora L. Irizarry
Chief Judge of the United States District Court
for the Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201