

U.S. Department of Justice

United States Attorney
Eastern District of New York

JMK:ALC/LHE/SME  
F. #2016R00505

271 Cadman Plaza East  
Brooklyn, New York 11201

May 10, 2017

BY HAND DELIVERY AND ECF

The Honorable Dora L. Irizarry  
Chief United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re:    United States v. Mark Nordlicht, et al.  
                Criminal Docket No. 16-640 (DLI)

Dear Chief Judge Irizarry:

      The government respectfully submits this response in opposition to the submission filed on May 3, 2017 by the defendant Daniel Small in the above-captioned matter. See ECF No. 129 (the "Small Letter" or "Ltr."). In his letter, Small argued "that the evidence establishes a prima facie case that the Government violated Rule 6(e) and obstructed the administration of justice," stated that he "join[ed] in the motion of the defendant Mark Nordlicht regarding potential disclosure of information protected by Federal Rule of Criminal Procedure 6(e)" (the "Defense Motion"),[1] and requested an evidentiary hearing, following discovery, "to determine whether any Government misconduct occurred." Ltr. at 1. In addition, Small wrote "to address several additional issues," id., which are discussed in more detail below.

      For the reasons stated below, Small lacks standing to join in and seek relief pursuant to the Defense Motion, his arguments in any event are without merit,[2] and the Defense Motion should be denied in its entirety.

---

    [1]    The government responds herein only to the arguments in the Small Letter that appear to supplement those in the defendant Mark Nordlicht's previously filed papers in support of the Defense Motion.

    [2]    Although Small argues that "the evidence establishes a prima facie case that the Government violated Rule 6(e) and obstructed the administration of justice," Ltr. at 1; see also id. at 4 ("[T]he Court should hold an evidentiary hearing to address whether the Government violated its obligations under Rule 6(e) and obstructed the administration of justice through the improper and unlawful disclosure of confidential law enforcement and grand jury."), Small does

I. <u>Small Lacks Standing to Join in and Seek Relief Pursuant to the Defense Motion</u>

Small seeks an evidentiary hearing and discovery in connection with the Defense Motion yet provides no basis for finding that he has standing to join in and seek relief pursuant to the Defense Motion.

Where a defendant in a criminal case seeks to move for relief, he or she must establish standing to do so. <u>See, e.g.</u>, <u>United States v. Sierra-Garcia</u>, 760 F. Supp. 252, 263 (E.D.N.Y. 1991) (ruling, where co-defendants moved to suppress evidence recovered pursuant to search of house frequented by Sierra-Garcia, that, "[t]o the extent that the other defendants named in this indictment seek to join in the motions of Sierra-Garcia, they clearly have not sustained their burden of proof as to their standing to bring the motion"). Although Small argues that he, "like the Court and the other Defendants, has an interest in discovering whether the Government violated <u>all</u> of the Defendants' rights through improper and unlawful disclosures of Rule 6(e) material and other confidential law enforcement information," Ltr. at 2, that claim does not substitute for standing. By Small's logic, in any criminal case in which one defendant moved for certain relief, all co-defendants automatically would be entitled to join in that motion based solely on their interest in "discovering" whether any of the defendants was adversely affected by the conduct alleged. Such an outcome would be contrary to well-settled principles of standing.

Small has failed to establish standing to pursue the Defense Motion. Small acknowledges that he is charged only with Counts Six through Eight, relating to the scheme to defraud Black Elk bondholders, Ltr. at 2, and he does not seek dismissal of those counts pursuant to the Defense Motion. He does not argue that Counts Six through Eight are implicated by the Defense Motion, or make any allegation as to how those counts of the indictment could have been affected by the conduct alleged in the Defense Motion, but urges the Court to reject the proposition that "[the government's] allegedly unlawful conduct does not affect the counts in the Indictment relating to the 'Black Elk Bond Scheme.'" Ltr. at 1-2. Small cannot meet his burden to establish standing by suggesting in conclusory fashion that the counts with which he is charged were affected by the conduct alleged in the Defense Motion.[3] Moreover, Small lacks standing with respect to the Defense Motion because the allegations of that motion do not implicate the counts of the indictment with which Small is charged. The information alleged to have been leaked did not relate to the scheme to defraud the Black Elk bondholders, and the prejudice the defendants have alleged relates only to the broader fraud scheme charged in Counts One through Five. Nowhere do the defendants argue that the alleged leaks substantially

---

not explain his basis for alleging such "obstruct[ion] of the administration of justice" and what, if any, relief he seeks in connection with that new allegation. The government respectfully submits that the Court should reject this conclusory argument.

[3]   The government maintains, as argued in the government's brief, that the other moving defendants have not established a basis for any relief in connection with the Defense Motion, including but not limited to dismissal of Counts One through Five.

influenced the grand jury's decision to indict on the counts relating to the Black Elk bond scheme, see Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988) (quoting United States v. Mechanik, 475 U.S. 66, 78 (1986)), and indeed, such an argument would be meritless.

Accordingly, Small lacks standing to join in and pursue any relief in connection with the Defense Motion, and the Court should reject his arguments in support of that motion and deny his requests for an evidentiary hearing and related discovery.

II.   Small's Invocation of the Walters Case Fails To Establish a Prima Facie Case of Disclosure to the Press in Violation of Rule 6(e), and Small's Other Arguments Regarding a Prima Facie Case Are Without Merit

Small argues that the Walters case[4] supports a finding here that the defendants have established a prima facie case of a Rule 6(e) violation.[5] Specifically, Small claims that Walters revealed a "pattern and practice" by the FBI "of leaking Rule 6(e) and other confidential law enforcement information," and "that an FBI Supervisory Special Agent (the "Supervisory Agent") leaked sensitive information regarding a criminal insider trading investigation to reporters at various media outlets." Ltr. at 2. Small further claims that Walters "also revealed that the Supervisory Agent and other FBI agents may have improperly leaked confidential information in multiple other cases." Ltr. at 2.

Small provides no legal authority for his argument that an alleged "pattern and practice of leaking Rule 6(e) and confidential law enforcement information" bears on a court's assessment of whether a prima facie case of a Rule 6(e) violation has been established in a specific case. Even if such authority existed, Small has failed to allege any such "pattern and practice," let alone one that extended to the instant investigation. As Small acknowledges, the disclosures "revealed" in Walters were of "sensitive information regarding a criminal insider trading investigation," not Rule 6(e)-protected information. Further, Small misrepresents Judge Castel's Memorandum and Order in Walters by citing to it in support of his claim that Walters

---

[4] In its brief, the government identified facts that distinguished Walters from the instant case. See Gov't Mem. at 13-14; id. at 21 n.5. The government respectfully submits that Walters is factually distinguishable from this case and does not bind the Court, and notes, as it did in its brief, that the Walters court denied Walters's motion to dismiss the indictment for lack of prejudice. See id. at 21.

[5] Small also claims that the government argued that the defendants must show prejudice as a precondition to obtaining an evidentiary hearing. See Ltr. at 2. Contrary to this characterization, and as was argued in the government's brief, see Gov't Mem. at 18-23, the government respectfully submits that an evidentiary hearing on the Defense Motion is not warranted because the defendants failed to establish a prima facie case of a Rule 6(e) violation, and even assuming arguendo that a Rule 6(e) violation occurred, the defendants have not shown and cannot show prejudice, i.e., "that the violation substantially influenced the grand jury's decision to indict' or [that] there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988) (quoting United States v. Mechanik, 475 U.S. 66, 78 (1986)).

3

"revealed that the Supervisory Agent and other FBI agents may have improperly leaked confidential information in multiple other cases."  Ltr. at 2 (citing Walters, Mem. & Order, dated Mar. 1, 2017 ("Ex. B to Ltr."), at 17-18).  The cited portion of Judge Castel's Memorandum and Order did not draw that conclusion.  Contrary to what the Small Letter suggests, Judge Castel did not find that a "pattern of leaks" existed.  Further, Judge Castel concluded that, "even if" other articles that contained allegedly leaked information about past cases on which the Supervisory Agent had worked, and were "written by some of the same reporters to whom [the Supervisory Agent] admitted leaking information about the Walters investigation, . . . evidenced a pattern of illegal leaks by the FBI, that pattern would not raise such serious questions about the fundamental fairness of the process that resulted in this indictment as to warrant dismissal."  Ex. B to Ltr., at 17-18.

   Moreover, the pattern Walters alleged bears no connection to the Defense Motion's allegations in this case.  The news articles cited in the Defense Motion were not written by any of the journalists whose articles were cited by Walters.  Judge Castel also rejected Walters's argument that the existence of such articles involving other cases sufficed to establish prejudice.  See id. at 17-18.  Accordingly, Small's argument that Walters provides a basis for finding a prima facie case of a Rule 6(e) violation here is without merit.

   Small's other arguments for finding a prima facie case are equally unavailing.  Small claims that news articles "demonstrate that an attorney or agent of the Government disclosed information that revealed the strategy or direction of a grand jury investigation," and provides the following two examples: (1) the portion from the July 28, 2016 cited article stating, "[i]nvestigators are probing whether the values of some of Platinum's investments were known to be worth less than what the fund told Investors – and if withdrawals requested were paid with cash coming in from new investors, a person briefed on the investigation told the Post"; and (2) the portions of the April 13, 2016 article cited by the government that mentioned a "broad subpoena from prosecutors" and that the author of the article had reviewed "internal company emails."  Ltr. at 2-3.  The quoted portion of the July 28, 2016 article does not contain Rule 6(e)-protected information because it lacks any reference to a grand jury and the foregoing reference to a probe by "investigators" does not reveal matters occurring before the grand jury.  In addition, the general description of the cited source of that information – "a person briefed on the investigation" – does not demonstrate that the source was subject to the secrecy requirements of Rule 6(e).  Further, Small's assertions regarding the April 2016 article are misleading.  The article makes clear that the "broad subpoena from prosecutors" mentioned in the article was issued in the separate public corruption investigation by the United States Attorney's Office for the Southern District of New York.  See Ex. E to Gov't Mem., at 8 ("The New York Times reported in June last year that Norman Seabrook, the union's leader, was under investigation by the U.S. Department of Justice for potentially using his position to enrich himself. A broad subpoena from prosecutors requested that the union supply information related to Platinum, but the connection was not clear, according to the report."); see also United States v. Seabrook et al., No. 16-CR-467 (ALC) (S.D.N.Y. 2016).  Further, the "internal company emails" Small describes related to Black Elk, which, the article stated, was at that time "in bankruptcy."  Ex. E to Gov't Mem., at 4.  In context, a reasonable inference from that portion of the April 2016 article is that Reuters obtained the referenced documents in connection with Black Elk's bankruptcy proceedings, and in any event, the article makes no mention of Rule 6(e)-protected

4

information.  See id. ("One of the companies Platinum invested in that's now in bankruptcy, Black Elk Energy Offshore Operations LLC, began to unravel after three workers died in an explosion on one of its rigs and oil prices collapsed. Documents reviewed by Reuters, including internal company emails and legal agreements, show how Platinum rescued its investment even before bondholders and contractors were paid.").

For the foregoing reasons, Small's arguments are without merit.[6]

III.     An Evidentiary Hearing and Discovery Are Not Warranted

Although Small also argues that "the Court should defer decision on a remedy until after it conducts an evidentiary hearing," Ltr. at 4-5, for the reasons stated in the Government's Memorandum, that argument is without merit.  For the reasons stated above and in the Government's Memorandum, the Small Letter and the Defense Motion considered together do not establish a prima facie case of a Rule 6(e) violation, and a hearing accordingly is not warranted   Further, even assuming the Court were to find a prima facie case of a violation, discovery and an evidentiary hearing would not be warranted; rather, in that event, the government's "evidence should be submitted ex parte and in camera for the district court's review."  See, e.g., In re Sealed Case No. 98-3077, 151 F.3d 1059, 1075-77 (D.C. Cir. 1998) (holding that "show cause hearing in this instance should not proceed in a fully adversarial manner when only a prima facie case has been made[;]" and noting that "[t]he procedure we have outlined is designed to 'allow the court to focus on the culpable individual rather than granting a [discovery] windfall to the movants'") (quoting Bank of Nova Scotia, 487 U.S. at 263) (brackets in original).

---

[6] Small also claims that the government's review of the Defense Motion's allegations was inadequate in light of the Walters case and cites to In re U.S., 441 F.3d 44, 51 (1st Cir. 2006) in support of that claim.  Ltr. at 3.  The procedural posture of In re U.S. was distinguishable, in that that case involved the government's petition for mandamus requesting the recusal of the district judge presiding over the underlying criminal case.  Id. at 48.  The facts of In re U.S. also are distinguishable from the instant case, including because the allegations of Rule 6(e) violations originally were raised with the district judge by the U.S. Attorney's Office itself, see id. at 51, and during the relevant time period discussed by Small, the prosecution was in fact led by "attorneys from the Department of Justice's Public Integrity Section," not the U.S. Attorney's Office, id. at 48.  After the prosecuting attorneys first raised the issue with the district judge, a defendant asked one of the prosecuting attorneys – a trial attorney in the Department of Justice's Public Integrity Section – to conduct an inquiry into whether "'anyone in the inner circle of the investigation' had been leaking grand jury information to the media." Id. at 51.  The trial attorney's subsequent referral was prompted by the defendant's foregoing request.  See id.  Accordingly, In re U.S. is inapposite and Small's argument is unavailing.

5

IV. <u>Conclusion</u>

   The government respectfully submits that the Court should find that Small lacks standing to join in and pursue relief pursuant to the Defense Motion, or, in the alternative, reject Small's arguments as meritless and deny the Defense Motion in its entirety without a hearing.

                Respectfully submitted,

                BRIDGET M. ROHDE
                Acting United States Attorney

         By:  /s/
                Alicyn L. Cooley
                Lauren Howard Elbert
                Sarah M. Evans
                Assistant U.S. Attorneys
                (718) 254-6389 (Cooley)

cc:  Clerk of the Court (DLI) (by ECF)
    Defense counsel (by ECF)