LEVINE LEE LLP

NEW YORK

1500 Broadway, Suite 2501
New York, New York 10036
212 223 4400 main
www.levinelee.com

Seth L. Levine
212 257 4040 direct
slevine@levinelee.com

September 20, 2022

**VIA ECF**
The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *United States v. Nordlicht, et al.*, **16-cr-640**

Dear Judge Cogan,

On behalf of Daniel Small, we respectfully write to request that the Court adjourn the joint hearing on the issue of loss calculation, which is currently scheduled for October 11, 2022, until after the Court has ruled on Mr. Small's post-trial motions. While we very much appreciate the Court's consideration in inviting Mr. Small to participate in this hearing, we would respectfully suggest that the preferable course is to adjourn the hearing at this time. Mr. Nordlicht and Mr. Levy support this request.

As the Court is aware, Mr. Small's trial recently concluded and his post-trial motions are currently set to be fully briefed by November 7, 2022. (ECF 964.) Separately, the Court has scheduled a joint hearing for Mr. Nordlicht and Mr. Levy on the question of loss. The Court has stated that, in addition to addressing loss, the Court would consider the relevance of evidence received during Mr. Small's trial, and the Court also invited Mr. Small to participate in the hearing. (*See* August 8 and August 22 text-only orders.)

Mr. Small recognizes that, in light of some common issues among the cases on the issue of loss, there are efficiencies to holding a single hearing, and we do not wish to have the Court or the other parties forgo this benefit. By the same token, the Court's adjudication of the issues raised by Mr. Small's motions may bear on these issues, particularly when it comes to the relevance of Mr. Small's trial record to the sentencing of Mr. Nordlicht and Mr. Levy. Therefore, we believe that it would be most efficient to hold the loss hearing after the Court has ruled on Mr. Small's post-trial motions.

Mr. Small's motions raise substantial issues as to the soundness of Mr. Small's jury verdict. If Mr. Small's post-trial motions are successful, then there would be no need for Mr. Small to participate in any loss hearing.  Even if the Court declines to grant Mr. Small's requested post-trial relief, the Court would make relevant legal rulings concerning the evidence at Mr. Small's trial, as well as the unique issues raised in Mr. Small's case.  Participation by Mr. Small in the loss hearing after a ruling on his post-trial motions would also be more consistent with common sentencing practice.

Accordingly, we respectfully request that the Court postpone the joint loss hearing as to Mr. Nordlicht and Mr. Levy until after the Court rules on Mr. Small's post-trial motions.

We thank the Court for its consideration.

Respectfully submitted,

/s/ Seth L. Levine
Seth L. Levine
Paul Murphy
Alison Bonelli

cc: All Counsel of Record (via ECF)

2